NO. 07-10-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2011

_____

RACHAEL SANDERS AKA RACHAEL SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16646-A; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMBPELL and HANCOCK, JJ.

Rachael Sanders a/k/a Rachael Smith (appellant) appeals an order adjudicating her guilty of burglary of a habitation. Through two issues, she contends that the trial court 1) erred in admitting a videotape and 2) abused its discretion in adjudicating her guilty. We affirm.

Appellant was initially placed on deferred adjudication probation, and the State subsequently moved to have her adjudicated guilty of burglary of a habitation. In its motion, the State alleged appellant had violated her conditions of probation by committing a new offense, which offense consisted of using a debit card that was not hers without permission of the owner. As previously mentioned, appellant questions the admission into evidence of a Walmart surveillance video (and still pictures taken therefrom) depicting her and her daughter using a debit card to complete a sales transaction. No one disputes that the debit card belonged to Darlene Nunn or that it was used, without Nunn's permission, to make purchases at various Walmart stores. According to appellant, the video and pictures were inadmissible because the Walmart employee who authenticated them did not personally witness the events memorialized on them. We disagree.

Rule 901 of the Texas Rules of Evidence describes the threshold for authenticating evidence. TEX. R. EVID. 901; *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). This threshold "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). And, whether the trial court erred in concluding that the threshold was met depends upon whether it abused its discretion. *Angleton v. State*, 971 S.W.2d at 67.

Here, the sponsoring witness, Ballesteros, was shown to be an asset protection coordinator for Walmart. She testified that she knew how to operate the surveillance equipment and described how it records "live" the transactions occurring at the cash registers. She further stated that the data garnered from the cameras is "pull[ed] into our data and that data gets burned onto . . . our hard drive." That she knew how to

2

download the video of a particular transaction was also mentioned. So too did she say that she reviewed the video in question as well as the "cameras and the angles that appear on [the] video," that "they accurately depict[ed] what occur[red] during the time frames," and that there were no "breaks or skips in the videos as [she] watched . . . ." Moreover, Ballesteros knew what frames to download from the information captured via the surveillance system by reviewing the "ticket from [the] transaction." That this information was enough to enable a trial court to find the video to be what its proponent claimed it to be (a video copy of events captured by Walmart's surveillance system) falls within the zone of reasonable disagreement. Therefore, we conclude that the trial court did not abuse its discretion in admitting it and overrule the issue. *See Page v. State,* 125 S.W.3d 640, 648-49 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd) (finding sufficient evidence of authentication where the sponsoring witness explained how the store's digital camera system worked, testified that he obtained the recorded images from the system shortly after the robbery there at issue, reviewed the recording with the police, copied the recording onto a videotape, gave the videotape to the officers, viewed the videotape before trial, and concluded that it had not been altered). And since appellant's second issue was dependent upon our sustaining her first, we overrule it as well.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.


3